Page 1 of 9

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**NICHOLAS BARBATI,**
**D.O.C. # D43304,**

    **Plaintiff,**

vs.                                        Case No.  4:23cv342-WS-MAF

**RICKY DIXON,**

    **Defendant.**
_____/

## AMENDED REPORT AND RECOMMENDATION[1]

After review of the pro se Plaintiff's first amended civil rights complaint, ECF No. 18, it was concluded that Plaintiff's allegations were sufficient to alert Defendant Dixon to the nature and basis of Plaintiff's claims. However, two deficiencies were pointed out that needed correction from Plaintiff, and an Order to Show Cause was entered. ECF No. 19.

First, the amended complaint included two pages of allegations which concerned retaliation, *see* ECF No. 18 at 17-18, but which were struck through as if Plaintiff did not intend to include them. To ensure Plaintiff was

---

[1] This Amended Report and Recommendation is entered to replace the Report and Recommendation entered on December 18, 2023. ECF No. 23.

the person who struck through the allegations, Plaintiff was required to file a second amended complaint without any "strike outs" in the pleading. ECF No. 19 at 2.  Plaintiff filed a second amended complaint, ECF No. 20, on December 14, 2023, but that pleading again included the same pages with the strike outs.  ECF No. 20 at 18-91.  Plaintiff filed a response advising that the law library was understaffed for typing requests.  ECF No. 21.  Even so, the pages should have been omitted, not filed again.

    Second, and more problematic is the fact that Plaintiff was required to show good cause for failing to honestly list all of his prior cases and for failing to disclose that he had "three strikes" under 28 U.S.C. § 1915(g). ECF No. 19.  In response, Plaintiff's second amended complaint again asserted that Plaintiff had not had any prior cases dismissed as frivolous, malicious, for failure to state a claim, or prior to service.  ECF No. 20 at 9. That is not true.  Further, Plaintiff's response to the prior Order contends that the three cases cited by the Court in the prior Order should not be considered "strikes."  ECF No. 21 at 1.

    Plaintiff filed case number 5:11cv778 in the Southern District of West Virginia, a fact he acknowledges in his response.  ECF No. 21 at 1.  As noted in the prior Order, that case was dismissed prior to service in

Case No. 4:23cv342-WS-MAF

September of 2012 because Plaintiff did not exhaust his administrative remedies. In his response to that Order, Plaintiff contends that all available grievances were exhausted. *Id.* Contrary to that assertion, that was not the conclusion of the court in the Southern District of West Virginia. Indeed, the Magistrate Judge handling that case made clear that Plaintiff acknowledged in his complaint "that he did not exhaust his administrative remedies." ECF No. 12 at 8 of case # 5:11cv778. Thus, judicial notice is taken that the case was dismissed prior to service for failure to exhaust administrative remedies and should have been disclosed as a "strike" in responding to Question A of this Court's complaint form.

The law is clear within the Eleventh Circuit that "a dismissal for failure to exhaust can amount to a dismissal for failure to state a claim—an enumerated ground for a strike—but only if the failure to exhaust appears on the face of the prisoner's complaint." Wells v. Brown, 58 F.4th 1347, 1350 (11th Cir. 2023); *see also* White v. Lemma, 947 F.3d 1373, 1379 (11th Cir. 2020), and Rivera v. Allin, 144 F.3d 719 (11th Cir. 1998). In Plaintiff's case, that failure was clear from the face of the complaint. The dismissal of case number 5:11cv778 counts as a "strike" under § 1915(g).

Another case which Plaintiff disputes as a "strike" is case number 5:12cv04716, also filed in the Southern District of West Virginia. ECF No. 21 at 1. Plaintiff said that to his knowledge, it was "a sealed case" and may not be considered by this Court. *Id.*

That case was filed by Plaintiff on August 27, 2012. Judicial notice is taken of the docket which lacks any reference or indication that the case was - or is - sealed. The case was dismissed in June of 2014, also because Plaintiff failed to exhaust administrative remedies concerning his *Bivens* claims. ECF No. 70 of that case. That failure was clear from the face of the complaint because the complaint was filed "less than twenty (20) days after the alleged assault, and more than four months before" Plaintiff received a denial letter from the Department of Justice concerning his FTCA claim. *Id.* at 9 of that case. That dismissal counts as a "strike," Plaintiff should have disclosed that case to this Court, and the case was not sealed as argued by Plaintiff.

Judicial notice is also taken of case number 6:19cv2275 which Plaintiff filed in the Middle District of Florida, and which was dismissed for failure to state a claim on December 5, 2019. Plaintiff does not dispute that case and, indeed, appears to agree that it was dismissed with prejudice.

Case No. 4:23cv342-WS-MAF

*See* ECF No. 21 at 1.  Plaintiff provided no reason for failing to list that case previously, and he did not provide any argument as to why the case should not be considered a "strike."  *Id.*

The prior Order to Show Cause listed numerous cases previously filed by Plaintiff which were not disclosed in his amended complaint, or in the initial complaint.  Because of Plaintiff's lack of candor, he was improperly granted in forma pauperis status.

> If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose. And word does get around the prisons.

Rodriguez v. Inch, No. 4:19cv191-RH-HTC, 2020 WL 3050231, at *1 (N.D. Fla. June 8, 2020)).  Therefore, the Report and Recommendation, ECF No. 23, was entered, recommending this case be dismissed as a sanction for Plaintiff's failure to honestly disclose his prior cases.

Moreover, because Plaintiff had accumulated three "strikes" under 28 U.S.C. § 1915(g),[2] he should not have been granted in forma pauperis

---

[2] The statute provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is

status as the complaint did not present allegations of imminent danger. Plaintiff failed to disclose those prior dismissals and then also failed to show good cause for doing so. A prisoner with three strikes who is not in imminent danger must pay the filing fee in full at the outset. When a "three strikes" prisoner does not pay the filing fee at the outset, the proper remedy is to dismiss the case. <u>Dupree v. Palmer</u>, 284 F.3d 1234, 1236 (11th Cir. 2002) (rejecting a three-strikes prisoner's assertion that upon denial of leave to proceed in forma pauperis he should have been allowed to pay the fee and avoid dismissal). That remedy should be employed here - both for Plaintiff's failure to honestly disclose all of his cases, and for his failure to acknowledge that he has "three strikes."

After entry of the Report and Recommendation, Plaintiff was granted additional time in which to file objections. ECF Nos. 25-26. Plaintiff has not properly filed objections, but he has filed a motion to file an amended complaint. ECF No. 27. That motion should be denied because Plaintiff should not have been granted in forma pauperis status in this case. If

---

frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff wants to file a new case, he may do so, but only if he pays the filing fee at the time of case initiation.

Plaintiff also filed a response, of sorts, to the Order to Show Cause. ECF No. 28. The response is beyond the deadline provided. More importantly, it is not correct. A case dismissed for one of the reasons listed in § 1915(g) counts as a "strike" regardless of whether the dismissing court stated that it was a "strike" and regardless of whether the case was dismissed "without prejudice." Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998). Counting those cases is not "impos[ing] ex post facto strikes." *See* ECF No. 28 at 1. Finally, Plaintiff argues that this Court has exceeded its authority "in attempting to apply 11th Cir. Authority to a 4th Cir. case." ECF No. 28 at 1. This Court sits within the Eleventh Circuit and has not exceeded its authority.

Plaintiff also filed a separate "response," ECF No. 29, requesting the Court consider his response to the Order to Show Cause. That response has been considered, but does not warrant vacating the recommendation to dismiss this case.

Finally, Plaintiff submitted a document entitled, "Judicial Notice to the Court." ECF No. 30. That document purports to relate an incident which

occurred on January 19, 2024. Such facts are not exhausted and cannot proceed in this case. The facts are, additionally, unrelated to the claim raised in the second amended complaint, ECF No. 20, which was an ADA claim. This is not a case that has alleged imminent danger.

Having reviewed Plaintiff's recent filings does not change the prior recommendation. This case should be dismissed pursuant to the "three strikes" provision of § 1915(g) and because Plaintiff has intentionally attempted to hide those strikes from the Court.

## **RECOMMENDATION**

It is respectfully **RECOMMENDED** that: (1) the Order, ECF No. 7, which granted Plaintiff leave to proceed in forma pauperis be **VACATED** and this case be **DISMISSED**; (2) that Plaintiff's motion to file an amended complaint, ECF No. 27, be **DENIED**; and (3) the Clerk of Court be required to note on the docket that this cause was dismissed pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on January 29, 2024.

 S/    Martin A. Fitzpatrick  
**MARTIN A. FITZPATRICK**  
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.** If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.