# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**NICHOLAS BARBATI,**
**D.O.C. # D43304,**

    **Plaintiff,**

vs.                                          **Case No. 4:23cv342-WS-MAF**

**RICKY DIXON,**

    **Defendant.**

_____/

# **O R D E R**

On March 22, 2024, the Amended Report and Recommendation, ECF No. 32, entered by United States Magistrate Judge Martin A. Fitzpatrick was adopted and this case was dismissed without prejudice pursuant to 28 U.S.C. § 1915(g). ECF No. 37. To be clear, the Order Adopting the Magistrate Judge's Amended Report and Recommendation did two additional things: (1) directed the Clerk to enter judgment stating: "This case is dismissed without prejudice pursuant to 28 U.S.C. § 1915(g)" and (2) vacated the Order, ECF No. 7, that granted Plaintiff leave to proceed in forma pauperis. Judgment was entered that same day. ECF No. 38.

The pro se Plaintiff filed a motion for reconsideration of the Order of Dismissal, ECF No. 41, on April 29, 2024, which was denied on May 7, 2024. ECF No. 42.  On May 24th, Plaintiff filed a "final motion for re-reconsideration as to a matter of law."  ECF No. 43.  That motion was also denied, along with Plaintiff's "motion to correct illegal judgement," ECF No. 45, which was characterized as a motion to alter or amend the judgment pursuant to Rule 59.  ECF No. 47.

On August 2, 2024, Plaintiff submitted a notice of appeal, ECF No. 49, and on August 9, 2024, Plaintiff filed a "motion to correct & inform DOC inmate trust," ECF No. 51.  Upon review of Plaintiff's motion, it appears that he is requesting this Court remove the lien placed on his inmate bank account, which is shown on his attached statement as "federal prison litigation."  ECF No. 51 at 1, 3.  Plaintiff also requests that the money taken from his account be refunded.  *Id.* at 1.

At the time Plaintiff was granted in forma pauperis status, ECF No. 7, his initial complaint did not disclose any prior dismissals as frivolous, malicious, or failure to state a claim.  ECF No. 1 at 9.  Plaintiff affirmatively said there had been no such dismissals to his knowledge, or that he could recall.  *Id.*  On a separate attached page, Plaintiff vaguely referenced "jail time credit US Dist VA" and "3

separate lawsuits against VCDC 2 pending that was [original] one." *Id.* Plaintiff also noted "1 action against FBOP." *Id.* Those vague comments, unconnected to a specific question about prior dismissals, was not sufficient to alert this Court to the fact that Plaintiff had indeed received three dismissals which count as "strikes" under 28 U.S.C. § 1915(g). Instead, Plaintiff provided that limited information and indicated it related to habeas petitions or appeals of his conviction. *See* ECF No. 1 at 10-11, 14. It was intentionally misleading.

It was not until Plaintiff filed his first amended complaint that he listed numerous cases previously filed, but again, he did not clearly state the reasons those cases were dismissed. *See* ECF No. 18 at 9-12. An Order to Show Cause was entered by Magistrate Judge Fitzpatrick, ECF No. 19, noting Plaintiff had failed to honestly disclose all of his prior cases. Plaintiff was given an opportunity to list all his "cases and the reasons the cases were dismissed" in a second amended complaint, and to "show good cause for failing to honestly" disclose the cases and the fact that he has three strikes. *Id.* Plaintiff then filed a second amended complaint, ECF No. 20, which still falsely asserted that Plaintiff had not had any prior cases dismissed as frivolous, malicious, for failure to state a claim, or prior to service. *Id.* at 9. Furthermore, he improperly argued that the three cases cited by

the Magistrate in the Order to Show Cause should not be counted as "strikes." Plaintiff's actions amount to abuse of the judicial process and this case was properly dismissed.

However, what was improper was vacating the order that granted Plaintiff leave to proceed with in forma pauperis status. ECF No. 37. It is true that Plaintiff would never have been granted in forma pauperis status if he had honestly disclosed his litigation history. Yet the fact remains that he sought to proceed in forma pauperis status in this Court by wilfully misleading the Court. Plaintiff should not benefit by his actions, and it would be to Plaintiff's undeserved profit to remove authority for the Department of Corrections to withdraw funds from Plaintiff's account to pay the filing fee for this case.

The in forma pauperis Order made clear that, pursuant to 28 U.S.C. § 1915(b)(1), when a prisoner is granted in forma pauperis status, he "is not relieved of the obligation to pay the full amount of the fee, regardless of dismissal . . . ." *Id.* at 2-3. As directed by statute, monthly payments shall continue to be deducted from a prisoner's account and submitted to the Court "until the filing fees are paid." 28 U.S.C. § 1915(b)(2). Therefore, the Order Adopting the Magistrate Judge's Amended Report and Recommendation, ECF NO. 37, is hereby modified

and the Order, ECF No. 7, granting Plaintiff leave to proceed in forma pauperis is reinstated.

Accordingly, it is **ORDERED:**

1.  The Order Adopting the Magistrate Judge's Amended Report and Recommendation, ECF No. 37, is hereby **MODIFIED**.

2.  The Order, ECF No. 7, granting Plaintiff leave to proceed in forma pauperis is **REINSTATED**.  Plaintiff shall remain liable for the $350.00 filing fee for this case pursuant to 28 U.S.C. § 1915(b)(2).[1]

3.  Plaintiff's motion to "correct and inform" the DOC to remove the lien placed against his inmate bank account, ECF No. 51, is **DENIED**.

**DONE AND ORDERED** this ___13th___ day of August, 2024.

s/ William Stafford
**WILLIAM STAFFORD**
**SENIOR UNITED STATES DISTRICT JUDGE**

---

[1] Notably, Plaintiff filed a notice of appeal, ECF No. 49, but he did not pay the appellate filing fee.  As a matter of common sense, and because Plaintiff is not entitled to proceed with in forma pauperis status, it would cost Plaintiff $200 more to proceed with his appeal of this case than to file a new civil rights case in this Court if he believes he has valid claims to litigate.

Case No. 4:23cv342-WS-MAF